COOPER v. SECURITY CO.

(November 27, 1900.)

1. *Corporations—Actions Against Shareholders for Unpaid Subscriptions—Parties.*

A creditor who has exhausted his remedy against a corporation may sue a stockholder to the amount of his unpaid subscription without making other stockholders parties.

2. *Corporations—Limitation of Actions—Stockholders— Subscriptions.*

The statute of limitation does not run as against subscriptions to stock payable as called for.

CIVIL ACTION by W. B. Cooper, trading as W. B. Cooper & Co., in behalf of himself and all other creditors of The Adel Security Company, against The Adel Security Company, Wm. McQueen and A. T. McKellar, heard by *Judge E. W. Timberlake* and a jury, at October Term, 1899, of ROBESON Superior Court. From judgment for plaintiffs, defendant A. T. McKellar appealed.

*McLean & McLean,* and *J. H. Gore, Jr.,* for plaintiffs.
*McNeill & Bryan,* for defendants.

FAIRCLOTH, C. J. For the purpose of this opinion, the facts are: (1) That prior to April, 1893, the defendant, The Adel Security Company, was a duly-organized corpora-

tion, and in 1893, became indebted to the plaintiff in the sum of $433.03, which was subsequently reduced to a judgment against said company; and said company became insolvent and quit business in July, 1893, and the plaintiff has been unable to have his judgment satisfied out of any property of said corporation. (2) That the defendant A. T. McKellar is one of the stockholders in said company, and $1,050 of his subscription stock has not been paid into the company. (3) That the plaintiff's debt is not barred by the statute of limitations. (4) William McQueen was also an unpaid stockholder, and was made a party defendant, but at and before the trial a nonsuit was entered as to him. (5) The plaintiff attached the unpaid subscription of the defendant, McKellar, as the property of the said corporation, as a means of satisfying his judgment against said corporation. At the trial the plaintiff had a verdict, and judgment against McKellar, and he appealed.

There are several exceptions and prayers for instructions, but none of them raises a serious question, except the one that we will now consider. The defendant McKellar's contention is that he can not be held liable until all the creditors are made parties and their claims examined, and the affairs of the corporation wound up and its asests applied to the debts. He also contends that all unpaid stockholders must be made parties to the action, and the *pro rata* share of each one's liability ascertained, before any judgment can be taken against him in favor of any single creditor. Our examination discovers that the highest authorities fail to support his contention, and that they sustain the theory and demand of the plaintiffs. The opinion of the Court in *Hatch v. Dana,* 101 U. S., 205, contains a full discussion of this question, and is a direct decision on the point now before us. The syllabus of the decision, which is supported by the opinion, is

in these words: "Creditors of an incorporated company who have exhausted their remedy at law can, in order to obtain satisfaction of their judgment, proceed in equity against a stockholder to enforce his liability to the company for the amount remaining due upon his subscription, although no account is taken of the other indebtedness of the company, and the other stockholders are not made parties, although by the terms of their subscriptions the stockholders were to pay for their shares 'as called for' by the company, and the latter had not called for more than thirty per cent of the subscriptions." The reasoning is that the unpaid stock subscription is a fund held by the corporation for the payment of its debts; that the liability of a subscriber for the stock is several, and not joint—as much so as if he had given his promissory note for the amount of his subscription; that at law his subscription may be enforced without joinder of other subscribers; and that in equity his liability does not cease to be several. If the object of the bill was to wind up and settle the corporation matters, and to equalize the burdens of stockholders, it seems that the creditors and all stockholders are proper and necessary parties, in order to avoid a multiplicity of actions. But in our case the creditor is seeking satisfaction out of the assets of the company to which the defendant McKellar is a debtor. If the debt or stock attached is sufficient to pay his judgment, he need not look any further. He is not bound to settle up all the affairs of the corporation, and to adjust the equities between all the stockholders, corporators, or debtors. If a stockholder is made to pay a creditor, in this way, more than his share, he would have his remedy against other stockholders for contribution, in the same way that one of several sureties on a promissory note would have against the others. It is true that the liability of the obligors on a note is made joint and several by

statute, but the right to contribution among sureties is quite independent of the statute. In the case above cited, several other authorities are referred to, equally as clear and decisive on this question. The defendant company is the agent of the defendant stockholder. We will refer to *Hawkins v. Glenn,* 131 U. S., 319, in support of his Honor's view on the statute of limitations, where it is held that the statute does not run, as against subscriptions to stock payable as called for, and the principal can not object, and say that his agent failed in his duty, and thereby defeat creditors. We see no error.

Affirmed.